1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JAMES CRANE,                              CASE NO. 1:10-cv-02373-OWW-GBC (PC)

10                        Plaintiff,

11       v.                                   ORDER TO SHOW CAUSE WHY ACTION
                                              SHOULD NOT BE DISMISSED FOR
12   JAMES A. YATES, et al.,                  FAILURE TO OBEY COURT ORDER

13                        Defendants.         RESPONSE DUE BY SEPTEMBER 26,
     _____ /      2011

14

15       Plaintiff James Crane is a state prisoner proceeding pro se and in forma pauperis

16   in this civil rights action pursuant to 42 U.S.C. § 1983.  In its June 24, 2011 Screening

17   Order, the Court found that Plaintiff had stated a cognizable claim against Defendant

18   Aguirre, but had failed to state any other claims.  (ECF No. 11.)  The Court gave Plaintiff

19   the option of filing an amended complaint or proceeding with the Eighth Amendment claim

20   against Defendant Aguirre.  (Id.)  Plaintiff chose to proceed on the cognizable claim.  (ECF

21   No. 12.)  The Court then directed Plaintiff to complete and return service forms that were

22   sent to him.  (ECF No. 13.)  The documents were to be returned no later than August 15,

23   2011.  (Id.)  Plaintiff was also warned that failure to comply with that Order would result in

24   a recommendation that this action be dismissed.  (Id.)  To date, Plaintiff has not complied

25   with or otherwise responded to the Court's Order.

26       Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

27   Rules or with any order of the Court may be grounds for the imposition by the Court of any

28   and all sanctions . . . within the inherent power of the Court."  District courts have the

inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

Accordingly, Plaintiff is HEREBY ORDERED to SHOW CAUSE not later than September 26, 2011, why the above-captioned action should not be dismissed for failure to obey a Court Order.  Plaintiff is hereby on notice that failure to respond to this Order by September 26, 2011 will result in dismissal of this action.

IT IS SO ORDERED.

Dated:     August 22, 2011     

UNITED STATES MAGISTRATE JUDGE