# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRANE, | CASE NO. 1:10-cv-02373-LJO-GBC (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE TO SEPTEMBER 3, 2012 |
| v. | Doc. 30 |
| JAMES A. YATES, et al., | ORDER GRANTING DEFENDANT'S MOTION TO DEPOSE PLAINTIFF AFTER MOTION FOR SUMMARY JUDGMENT |
| Defendants. | Doc. 32 |
| | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION TO POSTPONE MOTION FOR SUMMARY JUDGMENT |
| / | Doc. 33, 35 |

On December 21, 2010, Plaintiff James Crane ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendant Aguirre ("Defendant") dumped Plaintiff out of his wheelchair. Doc. 1. On July 6, 2011, Plaintiff notified the Court of his willingness to proceed on the cognizable claim against Defendant for Eighth Amendment excessive force. Docs. 11, 12.

On December 12, 2011, the Court issued a discovery and scheduling order, setting a discovery deadline of August 12, 2012, and a dispositive motion deadline of October 22, 2012. Doc. 24.

1  On August 1, 2012, Plaintiff filed a motion to extend the discovery deadline to September 3, 2012. Doc. 30. Defendant did not file an opposition to Plaintiff's request. On August 9, 2012, Defendant filed a motion for summary judgment and a motion to reserve deposing Plaintiff until after the Court decides the motion for summary judgment. Docs. 31, 32. Plaintiff did not file an opposition to Defendant's motion to reserve deposition. On August 15, 2012, Plaintiff filed a motion to compel. Doc. 33. On August 31, 2012, Defendant filed an opposition to the motion to compel. Doc. 34. On September 4, 2012, 2012, Plaintiff filed a motion to postpone the motion for summary judgment. Doc. 35. On September 13, 2012, Plaintiff filed a reply to Defendant's opposition to the motion to compel. Doc. 41. This matter is submitted pursuant to Local Rule 230(l).

In Plaintiff's motion to compel and motion to postpone the motion for summary judgment, he states that Defendant failed to produce the video of the alleged incident. Mot. Compel & Mot. Postpone Mot. Summ. J., Docs. 33, 35. In response to Plaintiff's motion to compel, defense counsel submitted a declaration stating that Defendant does not have possession, custody, or control of the video. Opp'n Mot. Compel, Lien Decl. at 1-2, Doc. 34-1. Counsel asked M. Jiminez, Executive Officer of Investigative Services Unit ("ISU") at Pleasant Valley State Prison ("PVSP"), to conduct a diligent search for the video. *Id.* at 2. Defense counsel also submitted a declaration by Jiminez. Opp'n Mot. Compel, Jiminez Decl. at 1-2, Doc. 34-2. Jiminez informed defense counsel that PVSP staff searched for the incident video recording in the three areas where it might be kept—the video evidence archive of ISU, the appeals department, and the incident management files of C-yard—but were unable to locate the DVD. *Id.*

This court cannot compel Defendants to produce documents that do not exist or are not in their possession or control. *See* Fed. R. Civ. P. 34(a)(1). See *also United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them). From the declarations submitted by defense counsel, the video no longer exists.

//
//
//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline to September 3, 2012, is GRANTED;
2. Defendant's motion to reserve deposing Plaintiff after the Court decides the motion for summary judgment is GRANTED;
3. The deadline to depose Plaintiff is thirty (30) days after the District Judge issues an order deciding Defendant's motion for summary judgment;
4. Plaintiff's motion to compel is DENIED; and
5. Plaintiff's motion to postpone the motion for summary judgment based on the lost video footage is DENIED.

IT IS SO ORDERED.

Dated:  October 22, 2012

UNITED STATES MAGISTRATE JUDGE