# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRANE,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02373-LJO-GBC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 31, 54 |

**I. Procedural History**

On December 21, 2010, Plaintiff James Crane ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendant Aguirre ("Defendant") dumped Plaintiff out of his wheelchair. Doc. 1. On July 6, 2011, Plaintiff notified the Court of his willingness to proceed on the cognizable claim against Defendant for Eighth Amendment excessive force. Docs. 11, 12.

On August 9, 2012, Defendant filed a Motion for Summary Judgment, contemporaneously with a notice as to how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) and *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). Doc. 31. On September 10, 2012, Plaintiff filed an Opposition, Declaration, Statement of Undisputed Facts, and Statement of Disputed Facts. Docs. 37-40. On September 13, 2012, Plaintiff filed a motion to file a supplemental opposition to the motion for summary judgment concurrently with filing his Supplemental Opposition. Doc. 42. On September 17, 2012, Defendant filed a Reply

to Plaintiff's Original Opposition. Doc. 44. On October 1, 2012, Defendant filed a statement of non-opposition to Plaintiff's motion to file a supplemental opposition concurrently with filing a Supplemental Reply. Docs. 47, 48. On October 4, 2012, the Court granted Plaintiff's motion to file a supplemental opposition to the motion for summary judgment. Doc. 52.

On October 22, 2012, the Magistrate Judge issued Findings and Recommendations, recommending to deny Defendant's motion for summary judgment, as Plaintiff presented a genuine dispute of material fact for trial. Doc. 54. On November 13, 2012, Defendant filed Objections. Doc. 55. On November 29, 2012, Plaintiff filed a Reply. Doc. 56.

## II. Analysis

In Defendant's objections, he argues that Plaintiff recanted his allegations during his inmate appeal, which makes Plaintiff's declaration self-serving. Def. Obj. at 3, Doc. 55. However, Defendant does not present anything signed by Plaintiff stating that he recanted his allegations, only the written report completed by the officer. Moreover, Defendant no longer has possession of the videotape of the incident, which apparently prompted Plaintiff to recant his allegations. Thus, this Court cannot simply accept Defendant's declaration, without any signed document from Plaintiff demonstrating he recanted, in addition to a lost videotape.

Defendant also argues that Plaintiff, at the most, only established *de minimis* force. Def. Obj. at 3, Doc. 55. Plaintiff's declaration states that on September 3, 2009, Defendant Aguirre dumped Plaintiff from his wheelchair and struck him with it. Pl. Decl., Doc. 38. Plaintiff did not make any allegations as to the extent of his injuries, if any, or present any medical records to this Court. In Defendant's reply, he submitted medical records from Plaintiff for June 2009 through October 2009. The records mostly discuss complaints of valley fever and make no reference to any alleged incident from September 3, 2009. *See* Def. Reply Ex. A. at 7-11, Doc. 44. Notwithstanding an apparent absence in injury, in *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) the Supreme Court rejected the notion that "significant injury" is a threshold requirement for stating an excessive force claim. The "core judicial inquiry," was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1177

(2010) (per curiam); *see also Whitley v. Albers*, 475 U.S. 312, 319-321 (1986).

Based on Plaintiff's declaration in opposition to the motion for summary judgment alleging excessive force, the Court finds that there is a genuine dispute of material fact for trial.

### III. Conclusion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 22, 2012, are ADOPTED, in full; and

2. Defendant's Motion for Summary Judgment, filed August 9, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:** December 14, 2012          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE