1

2

3

4

5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6

7

| | |
|---|---|
| JAMES CRANE, | 1:10cv02373 LJO DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY |
| v. | (Document 63) |
| JAMES A. YATES, et al., | |
| Defendants. | |

8

9

10

11

12

13

14

15

16

Plaintiff James Crane ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Eighth Amendment excessive force claim against Defendant Aguirre.  Discovery closed on September 3, 2012.  The telephonic trial confirmation hearing is set for May 29, 2013, and trial is currently set for June 18, 2013.

17

18

On January 22, 2013, Plaintiff filed a motion in which he requests leave to serve a single request for production of documents on Defendant Aguirre.

19

20

Defendant filed an opposition on February 6, 2013.  Plaintiff did not file a reply and the motion is now deemed submitted pursuant to Local Rule 230(l).

21

## **DISCUSSION**

22

23

24

Plaintiff seeks to propound one request for production on Defendant seeking grievances, complaints, etc., related to Defendant's mistreatment of prisoners for the past five years.  Plaintiff believes that the information is necessary to make cross-examination of Defendant Aguirre effective.

25

26

Discovery in this action closed on August 12, 2012.  Plaintiff's request to submit additional discovery is therefore untimely.

27

28

Moreover, to the extent Plaintiff's request is construed as a motion to modify the Discovery

1

1   and Scheduling Order, he has failed to demonstrate good cause.  Modification of the pretrial

2   scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  "The schedule may be

3   modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

4   Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson

5   v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)).  "If the party seeking the

6   modification 'was not diligent, the inquiry should end' and the motion to modify should not be

7   granted."  Id.

8          Plaintiff offers no reason why he did not request this information during the discovery

9   period.  He states that "in the process of complying with the defendant's request for production of

10  documents on [sic] January 10, 2013, deposition, it has become apparent that further minimal

11  discovery would well serve to clarify the issues and facts in this case."  Mot. 2.  This does not

12  explain why, however, Plaintiff was unable to request this information during the discovery period.

13  Plaintiff also states that he expects Defendant Aguirre to testify and the information would be useful

14  on cross-examination, but certainly Plaintiff expected Defendant to testify during the discovery

15  period.

16         Moreover, Defendant points out that Plaintiff propounded a nearly identical request for

17  production during the discovery period.  In the prior request, Plaintiff sought the same information

18  as he does in this motion for the period *after September 3, 2009*.  In his current request, Plaintiff

19  seeks the information *for the past five years*.  Defendant provided Plaintiff with responsive

20  documents and Plaintiff did not move to compel a further response.

21         It is clear, then, that Plaintiff was able to request this information, albeit for a more limited

22  time period, during the discovery period.  His desire to extend the time period does not now create

23  good cause to permit additional discovery.

24         Plaintiff's motion is therefore DENIED.

25

26  IT IS SO ORDERED.

27      Dated:    **February 25, 2013**            /s/ *Dennis L. Beck*

28                                        UNITED STATES MAGISTRATE JUDGE

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28