1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRANE, | Case No.  1:10-cv-02373-SAB (PC) |
| Plaintiff, | ORDER REGARDING MOTIONS IN LIMINE |
| v. | (ECF Nos. 88 & 89) |
| RAY AGUIRRE, | |
| Defendant. | |

Plaintiff James Crane ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 21, 2010. This matter is set for jury trial on June 18, 2013 before the undersigned.  On May 23, 2013, Defendant filed motions in limine regarding Plaintiff's trial exhibits and testimony.  (ECF Nos. 88 & 89.) On June 18, 2013, the Court held a motions in limine hearing prior to the start of a jury trial. The Court makes the following ruling with regard to the pending motions in limine.

**Motion in Limine—Plaintiff's Testimony**

**I.      Defendant's Motion to Exclude Plaintiff's Testimony Regarding Medical Records**

Defendant objects to Plaintiff testifying to his medical records in regards to diagnosis, opinion, inference, or causation.  Plaintiff may testify to what he experienced as a result of the September 3, 2009 incident, but is limited to a lay person opinion under Federal Rule of Evidence 702.

1

**Ruling:** The Court grants Defendant's motion subject to Plaintiff being able to testify as to what he experienced in regards to his medical records.  Fed. R. Evid. 701, 702.

### Motions in Limine—Plaintiff's Exhibits

**I.**     **Defendant's Motion to Exclude Plaintiff's Exhibit 1—Inmate Appeal**

Defendant objects to Plaintiff using his copy of an inmate appeal, which Plaintiff has written on and constitutes hearsay.

**Ruling:** The Court grants Defendant's motion.

**II.**     **Defendant's Motion to Exclude Plaintiff's Exhibit 2—Staff Complaint**

Defendant objects to Plaintiff using his own copy of a staff complaint since it may confuse the jury.  Plaintiff's exhibit is duplicative of Defendant's exhibit DX 201.

**Ruling:** In light of the agreement of the parties, the Court grants Defendant's motion.

**III.**     **Defendant's Motion to Exclude Plaintiff's Exhibit 3—Plaintiff's Medical Records**

Defendant objects to the introduction of Plaintiff's medical records as inadmissible hearsay.

**Ruling:**  The Court grants Defendant's motion as the medical records are inadmissible hearsay.  Fed. R. Evid. 801.

**IV.**     **Defendant's Motion to Exclude Plaintiff's Exhibit 4 & 5—Inmate Declarations**

Defendant objects to Plaintiff introducing the declarations of inmates Jackson and Moore as inadmissible hearsay.

**Ruling:** The Court grants Defendant's motion in limine because the declarations are inadmissible hearsay.  Fed. R. Evid. 801.  Inmate Moore is a witness in this action and may testify to the matters in his declaration.  Plaintiff is free to use inmate Moore's declaration to refresh the memory of the witness while testifying, if necessary.  Fed. R. Evid. 612.

**V.**     **Defendant's Motion to Exclude Plaintiff's Exhibit 6-8—Defendant Aguirre's Declaration and Discovery Responses**

Defendant objects to Plaintiff introducing these exhibits as inadmissible hearsay. Defendant asserts that Plaintiff may elicit this information from Defendant Aguirre at trial.

**Ruling:**  The Court denies Defendant's motion as these exhibits are nonhearsay party

1  omissions under Federal Rule of Evidence 801(d)(2).

2  **VI.     Defendant's Motion to Exclude Plaintiff's Exhibit 9-11—Inmate Declarations**

3          Defendant objects to Plaintiff introducing the declarations of inmates Martin, Lien and

4  Jimenez as inadmissible hearsay.

5          **Ruling:** The Court grants Defendant's motion in limine because the declarations are

6  inadmissible hearsay.  Fed. R. Evid. 801.

7

8

9  IT IS SO ORDERED.

10

11     Dated:   **June 18, 2013**                    _____

12                                                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28